NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 210018-U

NO. 4-21-0018

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 15, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| DARIN WHITTEN, LISA C. KAISER, WILLIAM D. KAISER, DOROTHY TAFT, and JARED KERWIN, | ) ) ) | Appeal from the Circuit Court of Sangamon County |
| Plaintiffs-Appellants, | ) | |
| v. | ) | No. 20CH201 |
| ROCHESTER TOWNSHIP REPUBLICAN CENTRAL COMMITTEE; THOMAS K. MUNROE, MARK C. WHITE, ANTHONY SAPUTO, MATTHEW BUTCHER, and DAVID ARMSTRONG, in Their Official Capacities as Committee Persons for the Rochester Township Republican Central Committee; LYNN CHARD, in Her Official Capacity as Clerk of Rochester Township; DON GRAY, in His Official Capacity as Clerk of Sangamon County, and DARRELL MAXHEIMER, | ) ) ) ) ) ) ) ) ) ) ) ) | Honorable Gail L. Noll, |
| Defendants-Appellees. | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices DeArmond and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court reversed and remanded for further proceedings, concluding the circuit court erroneously dismissed plaintiffs' complaint for lack of subject-matter jurisdiction.

¶ 2    Plaintiffs, Darin Whitten, Lisa C. Kaiser, William D. Kaiser, Dorothy Taft, and

Jared Kerwin, appeal from the circuit court's judgment dismissing their complaint against

defendants, Rochester Township Republican Central Committee, Thomas K. Munroe, Mark C.

White, Anthony Saputo, Matthew Butcher, and David Armstrong, in their official capacities as committee persons for the Rochester Township Republican Central Committee, Lynn Chard, in her official capacity as clerk of Rochester Township, Don Gray, in his official capacity as clerk of Sangamon County, and Darrell Maxheimer. On appeal, plaintiffs argue we should reverse and remand for further proceedings because the circuit court erroneously dismissed their complaint for lack of subject-matter jurisdiction. We agree and reverse and remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4            On December 23, 2020, plaintiffs filed a two-count complaint for declaratory and injunctive relief and an emergency motion for a temporary restraining order and preliminary injunction. With respect to their complaint, count I was brought pursuant to section 29-17 of the Election Code (10 ILCS 5/29-17 (West 2018)), and count II was brought pursuant to section 1983 of the federal Civil Rights Act (42 U.S.C. § 1983 (2012)). Both counts alleged plaintiffs' constitutional rights were violated as a result of the manner in which a Republican caucus was conducted on December 1, 2020. Both counts requested (1) the December 1, 2020, caucus be declared invalid and void with respect to the nomination for the office of road commissioner, (2) an injunction be issued requiring the Rochester Township Republican Central Committee to hold a second caucus with respect to the nomination for the office of road commissioner, and (3) the Rochester Township Clerk, defendant Chard, and the Sangamon County Clerk, defendant Gray, be enjoined from certifying defendant Maxheimer as the Republican candidate for road commissioner or printing his name on the ballot for the April 6, 2021, election.

¶ 5            On December 31, 2020, defendant Chard filed a motion to dismiss plaintiffs' complaint and an objection to plaintiffs' emergency motion for a temporary restraining order and

preliminary injunction. With respect to her motion to dismiss, defendant Chard alleged dismissal was warranted pursuant to section 2-619(a)(1) of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-619(a)(1) (West 2018)) for lack of subject-matter jurisdiction. Specifically, defendant Chard asserted the circuit court lacked subject-matter jurisdiction because election boards, as opposed to circuit courts, are vested with original jurisdiction to hear objections to certificates of nominations and plaintiffs failed to exhaust their administrative remedies by timely filing an objector's petition with the appropriate election board. Defendant Maxheimer later joined in defendant Chard's motion.

¶ 6        On January 5, 2021, plaintiffs filed a response to defendant Chard's and defendant Maxheimer's motion to dismiss and a response to defendant Chard's and defendant Maxheimer's objection to their emergency motion for a temporary restraining order and preliminary injunction. With respect to their response to the motion to dismiss, plaintiffs argued, in part, they were not challenging the validity of the certificates of nominations but rather asserting their constitutional rights were violated as a result of the manner in which the caucus was conducted.

¶ 7        Following a hearing which also took place on January 5, 2021, the circuit court entered a written order dismissing plaintiffs' complaint as to all defendants. The court found it lacked subject-matter jurisdiction over the claims alleged in plaintiffs' complaint because plaintiffs had not first raised their objections with the appropriate election board.

¶ 8        This appeal followed.

¶ 9                                      II. ANALYSIS

¶ 10        On appeal, plaintiffs argue we should reverse and remand for further proceedings because the circuit court erroneously dismissed their complaint for lack of subject-matter

- 3 -

jurisdiction. Defendant Chard, the only defendant who has filed a written brief with this court, argues we should affirm the circuit court's dismissal because plaintiffs failed to exhaust their administrative remedies.

¶ 11 The circuit court dismissed plaintiffs' complaint pursuant to section 2-619(a)(1) of the Civil Code (735 ILCS 5/2-619(a)(1) (West 2018)). A motion to dismiss pursuant to section 2-619 admits the legal sufficiency of the complaint but asserts an affirmative matter that defeats the claim. *Goral v. Dart*, 2020 IL 125085, ¶ 27. Section 2-619(a)(1) specifically authorizes "the dismissal of a complaint where the court does not have jurisdiction of the subject matter of the action." *Id.* (citing 735 ILCS 5/2-619(a)(1)(West 2018)). We review a dismissal pursuant to section 2-619 *de novo*. *Id.*

¶ 12 In their complaint, plaintiffs brought claims under section 29-17 of the Election Code (10 ILCS 5/29-17 (West 2018)) and section 1983 of the federal Civil Rights Act (42 U.S.C. § 1983 (2012)). The claims were based upon alleged violations of their constitutional rights resulting from the manner in which the Republican caucus was conducted on December 1, 2020. Even assuming, *arguendo*, plaintiffs could have addressed the manner in which the caucus was conducted through an administrative proceeding before an election board, they were not required to do so before seeking judicial intervention to protect their civil rights under section 1983 and section 29-17. See, *e.g.*, *Porter v. Nussle*, 534 U.S. 516, 523 (2002) (explaining plaintiffs, other than state prisoners, who are pursuing civil rights claims under section 1983 need not exhaust administrative remedies before filing suit in court); *Dempsey v. Johnson*, 2016 IL App (1st) 153377, ¶ 48, 69 N.E.3d 236 ("The language and purpose of section 29-17, which is modeled after section 1983 of the Civil Rights Act (42 U.S.C. § 1983 (2012)), creates a private cause of action

for violations of an individual's election-related federal and state constitutional rights."). Accordingly, any failure by plaintiffs to address the manner in which the caucus was conducted through an administrative proceeding did not preclude the circuit court from obtaining subject-matter jurisdiction over plaintiffs' claims. We reverse the circuit court's judgment holding otherwise and remand for further proceedings.

¶ 13    As a final note, plaintiffs request this court, "due to the emergency nature of this matter," to grant the temporary restraining order or preliminary injunction requested in the motion filed with the circuit court. Plaintiffs have provided this court with no authority or reasoned argument suggesting such relief would be proper, let alone authorized. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). As such, we decline plaintiffs' request.

¶ 14                                  III. CONCLUSION

¶ 15    We reverse and remand for further proceedings.

¶ 16    Reversed and remanded.